NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

RODNEY BLACK,

    Plaintiff,

    v.

THEODORE HUTLER, et al.,

    Defendants.

---

Civ. No. 07-5728 (AET)

**MEMORANDUM AND ORDER**

**THOMPSON, U.S.D.J.**

INTRODUCTION

    This matter comes before the Court upon Defendant Theodore Hutler's Motion to Dismiss [9], and Defendant Correctional Medical Services, Inc.'s, Motion to Dismiss [17] (collectively, "Defendants"). The Court has decided these motions based upon the unopposed submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78. Having given Plaintiff additional time to oppose Defendants' motions, and the Court having received no opposition from Plaintiff, and for the reasons discussed below, Defendants' Motions to Dismiss are granted.

BACKGROUND

    This matter arises from a Complaint filed by Plaintiff Rodney Black against Defendants Theodore Hutler and Correctional Medical Services, Inc., ("CMS"), in relation to allegations concerning medical treatment he received while incarcerated at Ocean County Jail ("OCJ") and the New Jersey State Prison ("NJSP").

In 2002, Plaintiff was incarcerated at OCJ, and, while there, was provided slippers. Plaintiff contends that the slippers caused a "debilitating injury" in his left ankle. Plaintiff requested and received medical attention for his condition, and later, Plaintiff was referred to a specialist. After seeing the specialist, Plaintiff then was sent to various hospitals for tests.

Plaintiff was transferred to NJSP and continued to seek medical treatment. While incarcerated at NJSP, Plaintiff was seen by the prison physician. The prison physician ordered x-rays, blood work, and a consult with another specialist.

On October 21, 2005, Plaintiff was moved back to OCJ. Plaintiff alleges that he walks with a limp, does not have full range of motion in his ankle, and the Motrin medication he has been taking for pain relief is affecting his liver. Plaintiff states that the prison continues to neglect his condition.

On November 28, 2007, Plaintiff filed a Complaint alleging Eighth Amendment violations under 42 U.S.C. § 1983. On January 16, 2008, Defendant Hutler filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. On February 19, 2008, Defendant CMS filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim. On March 18, 2008, the Court sent Plaintiff a letter [20] indicating that Defendants had filed Motions to Dismiss, and that Plaintiff had not filed any opposition to these motions. The letter indicated that Plaintiff must file any opposition, if he chose, by April 4, 2008, or the Court would consider the Motions to Dismiss unopposed. As of this date, Plaintiff has not filed any opposition papers.

APPLICABLE LAW

A.   <u>Standard for a Motion to Dismiss for Failure to State a Claim</u>

The Court may grant a motion to dismiss for failure to state a claim upon which relief can

2

be granted under Fed. R. Civ. P. 12(b)(6) if, "accepting all the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal quotations and citations omitted) (alteration in original). The theory of the claim will not suffice. Id. at 1968.

B.   42 U.S.C. § 1983 Liability

Plaintiff's claims are grounded in the following section of the United States Code:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subject, or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of constitutional or federal right that was committed or cause by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994).

## DISCUSSION

Plaintiff's Complaint asserts violations of the Eighth Amendment to the United States Constitution under 42 U.S.C. § 1983. Plaintiff claims that during treatment, he was given a

3

cortisone shot to his ankle which resulted in enhanced swelling and a worsening of his condition. Plaintiff argues that he was denied proper medical treatment and surgery that was recommended by a specialist. As a result, Plaintiff asserts that he has undergone pain and suffering throughout the treatment of his condition.

A.   Defendant Theodore Hutler's Motion to Dismiss

Plaintiff alleges that Defendant Hutler, as Warden of the county jail where he was incarcerated, is liable for the medical care that Plaintiff received on the basis of respondeat superior. However, Defendant Hutler cannot be liable under the theory of respondeat superior in a 42 U.S.C. § 1983 claim without having actual knowledge of any deliberate indifference to Plaintiff's medical needs. Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988). Plaintiff is required to demonstrate personal involvement, allegations of personal direction, or of actual knowledge and acquiescence by Defendant Hutler. Id. at 1207. However, in his Complaint, Plaintiff fails to demonstrate that Defendant Hutler had any personal involvement, or that he adopted a policy or procedure that violated his Eighth Amendment Rights. Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001). In order to be found liable for an Eighth Amendment violation, the official must know of and disregard an excessive risk to inmate health or safety. Kaucher v. County of Bucks, 455 F.3d 418, 427 (3d Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825 (1994). Plaintiff fails to assert any such allegations in his Complaint, and, therefore, Defendant Hutler's Motion to Dismiss is granted.

B.   Defendant CMS's Motion to Dismiss

Defendant CMS argues that Plaintiff Complaint should be dismissed for failure to state a claim. Defendant CMS asserts that Plaintiff was seen by CMS medical personnel on numerous

occasions in relation to his medical complaints, and that Plaintiff was treated by three separate specialists regarding his left ankle symptoms.

To sustain a 42 U.S.C. § 1983 claim against an entity, Plaintiff must demonstrate that the entity had a policy or custom in place which triggered a constitutional violation.  Natale v. Camden County Corr. Facility, 318 F.3d 575, 583 (3d Cir. 2003).  Absent this showing of a prohibitive policy or custom, an entity cannot be held liable for a 42 U.S.C. § 1983 violation merely because it employs a wrongdoer.  Id. at 584.

In his Complaint, Plaintiff has not identified any CMS policy or custom that violates his constitutional rights.  Rather, Plaintiff received extensive medical treatment from CMS personnel, three specialists, and diagnostic centers.  Additionally, "an unwitting failure to provide adequate medical care, a negligent diagnosis or treatment, or even medical malpractice, does not support a valid claim under the Eighth Amendment."  Coletta v. Board of Freeholders of Ocean County, 2007 U.S. Dist. Lexis 2717 at *15 (3d Cir. Jan. 12, 2007.)  Therefore, Defendant CMS's Motion to Dismiss is granted.

C.   The Remaining Claim Against John Doe

According to Fed. R. Civ. P. 21, "parties may be dropped . . . by order of the court . . . of its own initiative at any stage of the action and on such terms as are just."  Fed. R. Civ. P. 21.  A court may drop unidentified defendants pursuant to this Rule.  See, e.g., Adams v. City of Camden, 461 F. Supp. 2d 263, 271 (D.N.J. 2006) (citing cases).  Therefore, the Court exercises its discretion under Fed. R. Civ. P. 21 to dismiss Defendant John Doe from this action because Plaintiff has not been able to identify this defendant or provide any basis of his liability with respect to the incident that gives rise to this action.

CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 2nd day of May, 2008,

ORDERED that Defendant Theodore Hutler's Motion to Dismiss [9], is GRANTED; and it is further

ORDERED that Defendant Correctional Medical Services, Inc.'s, Motion to Dismiss [17], is GRANTED; and it is further

ORDERED that Defendant John Doe is hereby *sua sponte* dismissed from this case; and it is further

ORDERED that this case is closed.

    /s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.